**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID WILSON,

        Plaintiff,

        v.

POLICE OFFICER ANTHONY PIAZZA, et al.,

        Defendants.

Civil Action No. 10-3356 (MLC)

**O P I N I O N**

**APPEARANCES:**

David Wilson, Plaintiff pro se
Northern State Prison, 168 Frontage Road. Newark, NJ 07114

**COOPER**, District Judge

    Plaintiff, David Wilson, a prisoner confined at Northern State Prison in Newark, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    The Court will review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff alleges that on December 3, 2008, following some sort of police chase, he exited the back seat of the car in which he was riding, got down on the ground, and surrendered to police. Plaintiff alleges that while he was on the ground, unarmed, not moving or resisting arrest, Defendant police officer Anthony Piazza got out of his car, drew his handgun while standing about 30 feet from Plaintiff, and yelled "Freeze." Plaintiff alleges that Defendant Piazza then fired his handgun at Plaintiff. Plaintiff alleges that he then got up off the ground, in fear for his life, and ran to hide in some bushes, where he was later found by another officer. Plaintiff alleges that Defendant Piazza stated in his report on the incident that his firearm accidentally discharged. Plaintiff alleges that he complained about the incident to Defendant Sergeant Mark Leopold, who had participated in the arrest, but that Defendant Leopold failed to investigate or take action in response to the complaint.

Plaintiff seeks relief in the form of compensatory and punitive damages, and seeks discovery of relevant reports and videotapes.[1]

---

[1] Plaintiff's request for discovery can be addressed in the ordinary course of pre-trial discovery, in accordance with the Federal Rules of Civil Procedure, and are not an appropriate request for ultimate relief.

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis action); 28 U.S.C. § 1915A (action in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner action brought as to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).  Also, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

A court, in assessing the sufficiency of a civil complaint, must distinguish factual contentions — which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted — and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal

conclusion couched as a factual allegation." Id. at 1950. Thus, "a court . . . can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

Rule 10(b) of the Federal Rules of Civil Procedure provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances. ... If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 18(a) controls the joinder of claims. In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

5

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.  If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1655 (3d ed. 2009).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy.  Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002).  However, the policy of liberal application of Rule 20 is not a

license to join unrelated claims and defendants in one lawsuit. See, e.g., Pruden, 252 Fed.Appx. at 437-38; Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

A § 1983 action brought against a person in his or her official capacity generally represents another way of pleading an action against an entity of which an officer is an agent. "[I]n an official-capacity action, ... a governmental entity is liable

under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal quotation marks and citations omitted).

### IV.   ANALYSIS

#### A.   Excessive Force in Arrest

Plaintiff alternately characterizes his claim that Defendant Piazza unreasonably shot at him during his arrest as claims for violation of his substantive and procedural due process rights under the Fifth and Fourteenth Amendments. However, "all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 395 (1989).

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Brower v. Cnty. of Inyo, 489 U.S. 593, 599 (1989), quoted in Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999); see Graham v. Connor, 490 U.S. at 395 ("all claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory

8

stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard").

A seizure triggering Fourth Amendment protection occurs when a government actor "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968).

To determine the reasonableness of a seizure, a court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703 (1983). Proper application of this objective reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. at 396; quoted in Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Ultimately, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397.

Here, Plaintiff's claim that Officer Piazza deliberately shot at him after he had surrendered is sufficient to permit a Fourth Amendment claim to proceed as against Officer Piazza.

**B.   Failure to Investigate**

Plaintiff also alleges that Sergeant Leopold failed to investigate his complaint about Officer Piazza shooting at him.

An allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a Section 1983 claim. Graw v. Fantasky, 68 Fed.Appx. 378, 383 (3d Cir. 2003). Cf. Burnside v. Moser, 138 Fed.Appx. 414, 416 (3d Cir. 2005) (prisoners do not have constitutionally protected right to prison grievance process); Lewis v. Williams, 2006 WL 538546, at *7 (D. Del. 2006) (failure to investigate grievance does not raise constitutional issue). Compare Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment properly granted to prison warden and state commissioner of corrections, the only allegation being that they failed to respond to letters from prisoner complaining of prison doctor's treatment decisions).

Accordingly, this claim will be dismissed with prejudice for failure to state a claim.[2]

---

[2] Plaintiff also characterizes this claim as a claim for violation of his right to equal protection of the law under the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. City of Cleburne, Texas v.

**C.    False Testimony**

To the extent the Complaint could be construed as contending that the Defendants provided false testimony in connection with Plaintiff's criminal trial, the Defendants are immune. Witnesses, including police witnesses, are absolutely immune from civil damages based upon their testimony. See Briscoe v. LaHue, 460

---

Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Artway v. Att'y Gen. of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996).  But despite its sweeping language, "[t]he Equal Protection Clause does not forbid classifications.  It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Proof of disparate impact alone, however, is not sufficient to succeed on an equal protection claim;  a plaintiff also must prove that the defendant intended to discriminate. Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-66 (1977); Washington v. Davis, 426 U.S. 229, 242, 244-45 (1976). Thus, discriminatory intent must be a motivating factor in the decision, but it need not be the sole motivating factor. Vill. of Arlington Heights, 429 U.S. at 265-66.

Once this intentional disparity in treatment is shown, a court will proceed to determine whether the disparity can be justified under the requisite level of scrutiny. See City of Cleburne, 473 U.S. at 439-40; Plyler v. Doe, 457 U.S. 202, 216-17 (1982).  In testing the validity of state legislation or other official action that is alleged to deny equal protection, the "general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." City of Cleburne, 473 U.S. at 439-40.  The general rule gives way, however, when a statute classifies by race, alienage, or national origin; outside of the prison context, these classifications "are subjected to strict scrutiny and will be sustained only if they are suitably tailored to serve a compelling state interest." Id. at 440.

Here, Plaintiff fails to allege any facts suggesting that he was treated differently from other persons similarly situated. He further fails to allege any facts suggesting discriminatory intent.  Accordingly, the equal protection claim will be dismissed with prejudice.

11

U.S. 325, 341-46 (1983).  Accordingly, the Complaint fails to state a claim based upon false testimony.

### V. CONCLUSION

For the reasons set forth above, the claim for excessive force in connection with Plaintiff's arrest may proceed as against Defendant police officer Anthony Piazza.  All other claims will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  An appropriate order follows.

　　　　s/ Mary L. Cooper　　　　  
**MARY L. COOPER**  
United States District Judge

Dated:  February 22, 2011