**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                  :
DAVID WILSON,                     :
                                  :   Civil Action No. 10-3356 (MLC)
           Plaintiff,             :
                                  :
     v.                           :      O P I N I O N
                                  :
POLICE OFFICER ANTHONY            :
PIAZZA, et al.,                   :
                                  :
           Defendants.            :
                                  :
```

**COOPER, District Judge**

This matter is before the Court on Plaintiff's Motion [12] for Reconsideration of this Court's Opinion and Order [8, 9] dismissing with prejudice all claims against Defendant Sgt. Mark Leopold, entered February 22, 2011, familiarity with which is presumed. In brief, Plaintiff alleged that Officer Anthony Piazza used excessive force in arresting him and that Sgt. Mark Leopold failed to investigate when Plaintiff told him of Officer Anthony Piazza's actions.

As this Court noted previously, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." Graw v. Fantasky, 68 Fed.Appx. 378 (3d Cir. 2003) (citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989)); cf. Burnside v. Moser, 138 Fed.Appx. 414, 416 (3d Cir. 2005) (prisoners do not have constitutionally protected right to prison grievance process); Lewis v. Williams, 2006 WL 538546, *7

(D. Del. 2006) (failure to investigate grievance does not raise constitutional issue) (collecting cases). Compare Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment properly granted to prison warden and state commissioner of corrections, the only allegation being that they failed to respond to letters from prisoner complaining of prison doctor's treatment decisions).

Here, Plaintiff requests reconsideration by asserting, for the first time, that a jury "could find" that Sgt. Leopold failed to investigate in order to protect Officer Piazza's job.  He argues that a claim should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief.

Local Civil Rule 7.1(i) governs motions for reconsideration. See Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F.Supp.2d 610, 612 (D.N.J. 2001).  It specifies that a separate brief shall be filed "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); NL Indus. v. Commercial Union Ins., 935 F.Supp. 513, 515 (D.N.J. 1996).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to,

but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F.Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, matters may not be introduced for the first time on a reconsideration motion.  See, e.g., Resorts Int'l v. Greate Bay Hotel & Casino, 830 F.Supp. 826, 831 (D.N.J. 1992); Egloff v. N.J. Air Nat'l Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence that was not presented when the court made the contested decision.  See Resorts Int'l, 830 F.Supp. at 831 n.3.  Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments that the court has already considered.  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Florham Park Chevron v. Chevron U.S.A., 680 F.Supp. 159, 162 (D.N.J. 1988); see Chicosky v. Presbyterian Med. Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL Indus., 935 F.Supp. at 516 ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  Furthermore, the court will grant a motion for reconsideration only if the movant establishes that the court overlooked "dispositive factual matters or controlling decisions of law."  See Rouse v. Plantier, 997 F.Supp. 575, 578 (D.N.J. 1998); Starr v. JCI Data Processing, 767 F.Supp. 633, 635 (D.N.J. 1991).

Plaintiff has not pointed to any facts or legal authority that this Court overlooked in rendering its prior Opinion and Order.

A pro se complaint could previously be dismissed for failure to state a claim only if it appeared "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This "no set of facts" rule was abrogated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Twombly, 550 U.S. at 555 (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

This Court previously, and properly, applied this Twombly/Erickson standard to Plaintiff's claim against Sgt. Leopold. Moreover, even if Plaintiff had alleged that the

4

motivation for Sgt. Leopold failing to investigate the allegation of excessive force were to protect Officer Piazza's job, that fact would not rise to the level of a violation of another recognizable constitutional right that would make failure to investigate, itself, the violation of a constitutional right.

The Court will deny the motion, and issue an appropriate order.

                                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:  September 12, 2011