UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID WILSON, | |
| Plaintiff, | Civil Action No. 10-3356 (MLC)(DEA) |
| v. | **OPINION** |
| POLICE OFFICERS ANTHONY PIAZZA, *et al.*, | |
| Defendants. | |

**ARPERT, Magistrate Judge.**

This matter comes before the Court on a Motion by *pro se* Plaintiff David Wilson to enforce the parties' settlement agreement. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is denied.

This action was initiated in June 2010 when Plaintiff filed his complaint alleging various violations of his civil rights arising from Plaintiff's arrest on December 3, 2008. On July 30, 2012, it having been reported to the Court that the action had been settled, the Honorable Mary L. Cooper, United States District Judge, entered an Order dismissing the action without prejudice. That Order provided as follows:

> (1) This action is hereby dismissed without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated.
>
> (2) If any party shall move to set aside this Order of Dismissal as provided in the above paragraph or pursuant to the provisions of Fed. R. Civ. P. 60(b), in deciding such motion the Court retains jurisdiction of the matter to the extent necessary to enforce the terms and conditions of any settlement entered into between the parties.

ECF No. 86.  In September 2012, the 60-day period in the Order was extended an additional 30 days upon request of the parties to allow them to consummate their settlement agreement.  ECF No. 87.  About three months later, on December 3, 2012, the parties executed and filed a Stipulation of Dismissal with Prejudice.  ECF No. 88.

Several years later, in April 2015, Plaintiff advised the court in a series of letters of a "possible breach" of the parties' settlement agreement.  ECF Nos. 89-91.  This motion followed shortly thereafter.  The allege breach arises from Plaintiff's arrest on January 20, 2015, on a matter apparently unrelated to the incident underlying the present lawsuit.  ECF No. 93 at p. 4.[1]  According to Plaintiff, after this new arrest Plaintiff was considered for a drug treatment program, but he was denied admission to the program allegedly because of his previous arrest.  *Id.*  Plaintiff asserts that such use of information from the police report of his prior arrest constituted a violation of the parties' settlement agreement, and he asks this Court to "intervene and dismiss[] all charges against the [P]laintiff in the Somerset County Court" or otherwise remedy the "damage[] caused to the [P]laintiff."  *Id.* at 5-6.

When a court dismisses a case because the parties have settled, the court does not have jurisdiction to enforce the terms of the settlement agreement simply because it had jurisdiction to decide the underlying action.  *See Kokkoken v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("[e]nforcement of [a] settlement agreement ... is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction").  In order to have jurisdiction to enforce a settlement agreement, the district court must have either: (1) an independent basis for federal jurisdiction; (2) incorporated the parties' settlement contract in its

---

[1] The page numbers referred to with respect to ECF No. 93 are the page numbers in the ECF system-generated header.

dismissal order; or (3) expressly retained jurisdiction to enforce the agreement.  *See Kokkoken*, 511 U.S. at 381-82.

  Here, the District Court expressly retained jurisdiction to enforce the parties' settlement agreement, however, only under limited circumstances.  Specifically, the Court retained jurisdiction to enforce the agreement in the event that any party moved to set aside the Order of Dismissal pursuant to the terms of the dismissal order or pursuant to Federal Rule of Civil Procedure 60(b).  Neither of these circumstances are present here.  While Plaintiff purports to bring his motion under Rule 60, his motion does not seek any relief available under that rule (*i.e.*, to set aside the Dismissal Order).  Rather, Plaintiff's motion seeks remedies for the alleged "damage[s]" caused by the alleged breach of the settlement agreement.  ECF No. 93 at 6.  As Plaintiff has not shown that there is an independent basis for federal jurisdiction, and the Court has not retained jurisdiction over the parties' settlement agreement under the circumstances presented here, and the parties agreement was not incorporated into the Court's Dismissal Order, the Court lacks jurisdiction to enforce the agreement.

  Consequently, for the reasons set forth above, Plaintiff's motion to enforce the settlement is denied.  An appropriate Order accompanies this Opinion.

                 /s/ Douglas E. Arpert
                 DOUGLAS E. ARPERT
                 United States Magistrate Judge

Dated: September 16, 2015